**Thomas Robert STIMAC, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, William H. Webster, Director, Richard H. Ross, Special Agent-In-Charge, Defendants.**

Nos. 83 C 2196–83 C 2198, 83 C 2366, 83 C 2655, 83 C 2656, 83 C 2696, 83 C 3057–83 C 3059, 83 C 3181 and 83 C 3260.

United States District Court,
N.D. Illinois, E.D.

Jan. 12, 1984.

**924**

Thomas R. Stimac, pro se.

Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Thomas Robert Stimac ("Stimac") is presently serving a fifteen-year federal sentence for conviction of crimes arising from a conspiracy to abduct and transport a woman for purposes of prostitution. Stimac brings these twelve cases pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to files maintained on him by the Federal Bureau

of Investigation ("FBI"). These suits represent separate requests for information Stimac made to twelve different FBI field offices. Because of the identity of the issues involved, the cases were consolidated on September 19, 1983. Before the Court is defendants' motion to dismiss and for summary judgment. For reasons set forth below, the Court grants the motion for summary judgment.[1]

■ The Seventh Circuit's recent decision in *Shapiro v. Drug Enforcement Administration,* 721 F.2d 215 (7th Cir.1983), controls these actions. In *Shapiro* the plaintiffs filed suits under the FOIA to gain access to their DEA records. The DEA had denied plaintiffs access to their records under Exemption 3 of FOIA and Exemption '(j)(2) of the Privacy Act, 5 U.S.C. § 552a. Exemption 3 of FOIA permits an agency to withhold from disclosure information "specifically exempted" by statute other than FOIA.[2] After considering the legislative history of both the Privacy Act and FOIA, *Shapiro* held that the Privacy Act qualifies as an FOIA Exemption 3 statute. At 223. Because the Privacy Act is considered a "statute" under Exemption 3, any record exempt from disclosure under the Privacy Act is likewise exempt from disclosure under FOIA.

■ Defendants contend the records sought by Stimac are exempt from disclosure under Exemption (j)(2) of the Privacy Act.[3] Unlike FOIA exemptions, Exemption

---

**1.** Stimac has also filed a "Motion for Summary Judgment." The "motion," however, consists of little more than an affidavit in answer to defendants' motion and a request to appoint counsel. Therefore, the Court has construed the "motion" as a responsive brief. Based on its finding that the claims presented in these complaints are without merit, the Court denies Stimac's request for counsel. *See Childs v. Duckworth,* 705 F.2d 915, 922–23 (7th Cir.1983).

**2.** Exemption 3, 5 U.S.C. § 552(b)(3) provides:
    (b) This section does not apply to matters that are—
        \*    \*    \*    \*    \*    \*
    (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on

the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

**3.** Exemption (j)(2) exempts from disclosure any system of records that is:
    (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal

(j)(2) of the Privacy Act applies to whole systems of records. To qualify a system of records under Exemption (j)(2), an agency need only show that it is engaged primarily in law enforcement activities, that the records to be exempted were compiled for the purpose of criminal investigation, and that it has promulgated rules exempting the system of records from disclosure and stating its reasons for the exemption. *Shapiro, supra,* at 218. The FBI has met the three conditions necessary to invoke Exemption (j)(2) as a justification for denying Stimac access to the records he seeks.

That the FBI is an agency whose primary function is law enforcement is obvious. Second, according to the sworn declaration of D.F. Martell, special agent assigned to the FBI's Records Management Division, all withheld documents are part of records compiled in the course of investigations into Stimac's criminal activities. Stimac's own affidavit supports this representation. He states his purpose in seeking the FBI records is to gain access to reports of FBI interviews with government witnesses. As to the third Exemption (j)(2) requirement, Martell's declaration states that the records maintained on Stimac by the FBI field offices are part of the FBI's Control Records System. The FBI has promulgated a regulation to exempt its Control Records System from disclosure in accordance with Exemption (j)(2). 28 C.F.R. § 16.96 (1982). The justification outlined in the regulation is sufficient to satisfy the Exemption (j)(2) requirement that an agency give reasons for its decision to exclude a system of records from disclosure. *See Exner v. Federal Bureau of Investigation,* 612 F.2d 1202, 1204–05 (9th Cir.1980).

Having met the requirements for activating Exemption (j)(2), the FBI could invoke it to deny an individual's Privacy Act request for access to his own files. By virtue of the construction given to FOIA Exemption 3 by *Shapiro,* exemptions under the

Privacy Act are imported into FOIA. Therefore, because the records sought by Stimac are exempt from disclosure under Exemption (j)(2) of the Privacy Act, he has no enforceable right of access to them under FOIA.

Accordingly, defendants' motion for summary judgment is granted. Plaintiff's request for appointment of counsel and motions to compel preparation of *Vaughn* index (in 83 C 2193 and 83 C 2366) are denied. Judgment shall enter dismissing these actions. It is so ordered.

charges, sentencing, confinement, release, and parole and probation status; (B) information compiled for the purpose of criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.